opinion of the court
Vincent G. Bradley, J.
The petitioner herein has been employed since July, 1977 with the New York State Division for Youth as a youth division aide at a facility known as Camp Nueva Vista. On March 19, 1982 the petitioner was absent from her duties with the respondent and was placed on sick leave as a result of illness. Thereafter the respondents were notified that the petitioner’s physician had authorized her return to work as of June 15, 1982. In a memo dated April 1, 1982, the superintendent of the facility in which petitioner was employed advised her that she must take a physical and psychiatric evaluation before being allowed to return to work. The petitioner protested the request for psychiatric evaluation through her union representative but did complete her physical examination on June 23, 1982. Thereafter union efforts to reinstate her without completing a psychiatric examination were unsuccessful, thus, precipitating this CPLR article 78 proceeding brought on by order to show cause.
*91 Petitioner seeks to be reinstated to her position with retroactive pay and benefits and to require the respondents to comply with certain procedures set forth in Laurido v Simon (489 F Supp 1169) with respect to compelling her to take a psychiatric evaluation. In support of her petition, the petitioner asserts that the request made by the superintendent essentially constitutes invocation of the provisions of section 72 of the New York Civil Service Law. She therefore asserts that any action taken by the respondents pursuant to that section of law must be made in compliance with the rudimentary due process conditions judicially engrafted upon the statute by the Federal District Court. In opposition to this argument the respondents assert that they may require a psychiatric examination pursuant to 4 NYCRR 21.3 (e). In the alternative the respondents assert that the petitioner has otherwise received adequate notice in order to allow them to act under section 72 of the Civil Service Law.
The court agrees with the petitioner’s contentions. The regulation in question is contained in part 21 of the Civil Service Department regulations (4 NYCRR) which is entitled “Absence With Pay”. Section 21.3 is entitled “Sick leave” and deals generally with the computation and accrual of sick leave credits and the procedures to use these credits. Subdivision (e) of said section reads as follows: “(e) The appointing authority may require an employee who has been absent because of personal illness, prior to and as a condition of his return to duty, to be examined, at the expense of the department or agency, by a physician designated by the appointing authority, to establish that he is not disabled from the performance of his normal duties and that his return to duty will not jeopardize the health of other employees.” Section 72 of the Civil Service Law, however, deals with an involuntary leave of absence and is primarily focused on mental unfitness. It is clear to this court that respondent Conklin’s memo to the petitioner with respect to the required psychiatric examination resulted in an involuntary leave of absence imposed upon the petitioner unless said examination was conducted. Accordingly, the court finds that section 72 of the Civil Service *92 Law is the applicable statute with respect to respondent’s actions in this matter.
As a general proposition, the United States Supreme Court has held that “ ‘[wjhere a person’s good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential’ ’’ (Board of Regents v Roth, 408 US 564, 573, citing Wisconsin v Constantineau, 400 US 433, 437). A three-Judge Federal District Court for the Southern District of New York specifically inquired as to whether a person was deprived of liberty or property within the meaning of the due process laws of the Fourteenth Amendment and, if so, whether the process afforded by section 72 of the Civil Service Law was constitutionally adequate. In Snead v Department of Social Servs. of City of N. Y. (355 F Supp 764, 771), the court reasoned: “Although the matter is not entirely free from doubt, it may be that the general public has developed a sufficient understanding of mental illness so that a finding of mental disability does not necessarily injure a person’s ‘standing and associations in his community.’ Nevertheless, the fact is that a finding of mental illness severely diminishes a person’s ‘freedom to take advantage of other employment opportunities.’ This is true not because employers are bigoted or narrow minded, but because they may have doubts as to whether a person found to be mentally ill will function adequately on the job.” Thus, the court held that the invocation of the section 72 procedure implicated constitutionally protected interests in liberty and property. The court went on to hold that section 72 on its face failed to provide procedures containing “rudimentary due process” necessary for an accurate determination of the validity of an allegation of mental unfitness (Snead v Department of Social Servs. of City of N.Y., supra, p 773). The court enjoined any further action under the statute and deferred to the State to formulate appropriate procedures under section 72 which would pass constitutional muster.
Several years later the same question of due process rights under section 72 came before Judge Haight of the same Federal court in Laurido v Simon (supra). The Judge adopted the holding in Snead and this court agrees with *93 his position that although there were subsequent developments in the Snead litigation (more specifically, see Laurido v Simon, supra, p 1173, n 7), the same did not vitiate the panel’s essential holdings on the merits (Laurido v Simon, supra, p 1177; for a contrary position see Newman v Board of Educ., 443 F Supp 994, 1008, n 9). Judge Haight also noted that the time for judicial deference had passed inasmuch as in the five years since the last Snead decision there had been no State action even applied on an ad hoc basis. He therefore set forth seven procedures which must be accorded to an employee by atiy agency that uses section 72 of the Civil Service Law absent exceptional circumstances requiring immediate action (Laurido v Simon, supra, pp 1177-1178). The petitioner adroitly points out that counsel for the Department of Civil Service issued a memorandum dated March 18, 1980 which recommended that all departments in the State employ the procedures set forth by Judge Haight in Laurido.
In this case the court finds that a due process violation has been established by virtue of the respondents’ failure to provide the petitioner with sufficient prior written notice of the facts relied upon by the respondents to suggest the employee is not mentally fit as set forth in the first procedure established in Laurido (supra). The court finds that the petitioner should be restored with back pay and benefits retroactive to the date which she complied with the respondents’ request for a physical examination, i.e., June 23, 1982.
At Special Term the petitioner was ordered by this court to submit to a psychiatric examination during the pendency of this matter without prejudice to all other rights sought herein. Consequently, the court finds that respondents will not now have to comply with the first procedure set forth in Laurido. However, respondents are admonished that if they chose to proceed pursuant to section 72 of the Civil Service Law, they must comply with the other due process procedures set forth in the Laurido decision and they are enjoined from acting otherwise.